UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| NATHANIEL KEITH WATTY, ) | Civil Action No.: 4:10-cv-2056-JMC-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | |
| ) | **ORDER** |
| ) | |
| SHERIFF OF CLARENDON COUNTY; ) | |
| RANDY GARRETT, JR., SHERIFF; ) | |
| PETER SURETTE, CAPTAIN; ) | |
| BRANDON BRAXTON, DEPUTY ) | |
| SHERIFF; CURTIS HICKMAN, DEPUTY ) | |
| SHERIFF; PAT COKER and KIP ) | |
| COKER, DEPUTY SHERIFF; ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## I.   INTRODUCTION

Plaintiff, who is proceeding pro se in this action, brings this civil rights action alleging violations of his Fourth, Fifth, and Fourteenth Amendment rights.  Presently before the Court are Plaintiff's Motion to Compel (Document # 73), Plaintiff's Motions for Subpoena (Documents # 90, 92), Plaintiff's Third Motion to Amend his Complaint (Document # 91), Plaintiff's Motion to Quash (Document # 93), Plaintiff's Motion to Amend/Correct Names (Document # 96), Defendants' Motions for Extension of Time (Documents # 102, 110, 115), Plaintiff's Motion for Summary Judgment (Document # 112) and Plaintiff's Motion in Limine (Document # 129).  All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), DSC.

## II.   PLAINTIFF'S MOTION TO COMPEL

In Plaintiff's Motion to Compel, he argues that, as of March 22, 2011, he had failed to

receive any responses to his discovery requests despite an agreed upon extension to respond until March 18, 2011. In their Response, Defendants reference two Motions to Compel, the first dated March 22, 2011, which is the present Motion, and the second dated March 24, 2011. It appears Plaintiff drafted the second Motion to Compel and sent it to Defendants after he received their responses and deemed them to be insufficient. See Motion to Compel dated March 25, 2011 (attached as Exhibit G to Plaintiff's Reply). However, the court's docket does not reflect that a second Motion to Compel was ever filed by Plaintiff. Thus, the only Motion to Compel pending before the Court is the Motion dated March 22, 2011, and filed March 25, 2011 (Document # 73), in which Plaintiff argues that he has not received Defendants' responses. Nevertheless, to the extent Plaintiff addresses the sufficiency of Defendants' responses in his Reply, the court will address those arguments here. It is noted, however, that although, in his Reply, Plaintiff asks the court to direct Defendants to respond to all interrogatories and requests for production that were "left unanswered or was responded vague or was not responded accurately," he only specifically addresses a few of the responses he deems to be insufficient. Thus, the court can only address the responses Plaintiff specifically addresses.

First, it appears Plaintiff originally sent discovery requests to Grant Cannon, whom he subsequently dismissed from the case when he was informed by Defendants that Pat Coker, rather than Grant Cannon, was on the scene of the incident in question. Plaintiff then added Pat Coker as a Defendant. Thus, Defendants did not respond to the discovery requests served on Grant Cannon. Plaintiff asks that all the discovery requests as they relate to Grant Cannon be answered "by relaying these Interrogatories to Pat Coker." Reply p. 3. However, Plaintiff attaches to his Reply Interrogatories and Requests for Production he purportedly served on Pat Coker. See Exhibits R and S to Plaintiff's Reply. Thus, it is unnecessary (and would be inappropriate) for Pat Coker to respond

to the discovery requests initially served on Grant Cannon. Therefore, this request is denied.

Plaintiff also raises some concern over Defendants' failure to provide personal information, arguing that he provided personal information to Defendants and they should have to do the same. However, Plaintiff does not point to any specific discovery request and, thus, the court has insufficient information to be able to rule on this request.

Plaintiff also complains that the in-car video that was produced by Defendants in response to Plaintiff's request[1] is incomplete. Plaintiff asserts that the traffic stop commenced at approximately 0700 hours and lasted until approximately 0930 hours. However, Plaintiff asserts the video produced by Defendants is a copy of the in-car video that was taken by the dog handler, Kip Coker, who arrived on the scene after the initial traffic stop at approximately 0800 hours and the video ends prematurely at 0900 hours.[2] Plaintiff also asserts that other officers on the scene should have had patrol car video footage as well. Defendants are directed to produce either (1) full and complete copies of any videos capturing the traffic stop at issue or (2) an affidavit that no other video evidence relating to the traffic stop at issue exists other than what has already been produced.

Plaintiff fails to specifically identify any other concerns with Defendants' discovery responses. Accordingly, Plaintiff's Motion to Compel is granted as to the in-car video as discussed above and denied on all other issues. Defendants must produce the videos or the affidavit within fifteen days of the date of this Order.

---

[1] Plaintiff's Request for Production # 19 states, "Provide to the plaintiff any material (electronics, memorandums, photographs, videos, recordings, routing slips, reports, witness statements by all defendants, or any material it has in its possession regarding this case."

[2] The court does not have a copy of the video in question.

**III.    PLAINTIFF'S MOTIONS FOR SUBPOENAS**

In his first Motion for Subpoena (Document # 90), Plaintiff seeks subpoenas for Defendants' depositions. However, if a person to be deposed is a party to an action, no subpoena is required and a notice of deposition is sufficient to require his attendance. See, e.g., Riff v. Police Chief Elmer Clawges, 158 F.R.D. 357, 358 (E.D.Pa. 1994); see also Wright & Miller, Federal Practice & Procedure §§ 2107, 2112. Further, Plaintiff indicates in his Reply (Document # 100) to his second Motion for Subpoenas that the depositions have since taken place. Therefore, Plaintiff's first Motion for Subpoena is moot.

In his second Motion for Subpoenas (Document # 92), Plaintiff seeks subpoenas duces tecum. All but one of the subpoenas he seeks are directed at Defendants. Plaintiff asserts that he filed the Motion after failing to receive the documents as previously requested. However, a subpoena is not the proper mechanism to use when seeking to compel the production of documents previously requested pursuant to Rule 34, Fed.R.Civ.P. Rather, a Motion to Compel pursuant to Rule 37, Fed.R.Civ.P. is the appropriate avenue to seek to compel discovery responses. Plaintiff filed a Motion to Compel, which is discussed and granted in part above. Thus, Plaintiff's second Motion for Subpoenas is denied as it relates to documents sought from Defendants.

Plaintiff also seeks a subpoena duces tecum to be served on a third-party, Charles Kirchner of Canine Consultants, Inc. Plaintiff seeks

> Copies of all Canine Training records that were conducted on the dog name Tess and its handler, Kip Coker, on behalf of the Sheriff of Clarendon County. Include the dates and times training was conducted, and produce the performance evaluation during each training session or topic, including its drug alert performance for various drug that it was trained to detect.
>
> Copies of receipts, cancelled checks or bank statement or document that shows

method of payment for such service.

Motion for Subpoenas (Document # 92) pp. 4-5.  In their Response in opposition to the Motion, Defendants assert that they have already provided Plaintiff with the requested canine training records and that the requested documents regarding payment for the training services is irrelevant.  However, a party does not have standing to challenge a subpoena issued to a non-party unless the party claims some privilege in the information sought by the subpoena.  See U.S. v. Idema, 118 Fed.Appx. 740, **3 (4th Cir. 2005) (citing Hertenstein v. Kimberly Home Health Care, Inc., 189 F.R.D. 620, 635 (D.Kan.1999); 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2459 (1995)).  Accordingly, Plaintiff's second Motion for Subpoenas is granted only as to his request to subpoena documents from Charles Kirchner of Canine Consultants, Inc.  The Clerk of Court is directed to provide Plaintiff with a blank subpoena form along with this Order.  Plaintiff must complete the subpoena in accordance with his Motion and submit it to the court for review within ten days of the date of this Order.

**IV.     PLAINTIFF'S THIRD MOTION TO AMEND HIS COMPLAINT**

Plaintiff moves to amend his Second Amended Complaint "in order to add, delete, supplement, consolidate or clarified [sic] additional Claims, Cause of Actions [sic] and Relief sort [sic] by the Plaintiff."  Third Motion to Amend (Document # 91) p. 1.  He asserts that the amendments are necessary as a result of adding Deputy Pat Coker as a Defendant and removing Grant Cannon as a Defendant in Second Amended Complaint.

Plaintiff filed his Motion on May 19, 2011.  The Scheduling Order (Document # 35) required that Motions to Amend Pleadings be filed by January 10, 2011.  When seeking to amend a pleading after an applicable deadline in a scheduling order, a party must satisfy the good cause standard of

Rule 16(b), Fed.R.Civ.P., before addressing the merits of a motion to amend under Rule 15(a), Fed.R.Civ.P.  Nourison Rug Corp. v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008); Dilmar Oil Co., Inc. v. Federated Mt. Ins. Co., 986 F.Supp. 959, 980 (D.S.C. 1997).  "Consistent with the Rule's intent, this court has admonished litigants that '[a] scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.'" Dilmar Oil Co., 986 F.Supp. at 980 (citing Jordan v. E.I. du Pont de Nemours, 867 F.Supp. 1238, 1250 (D.S.C.1994)).  Rule 16(b) addresses the diligence of the moving party.  Id.  "Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts."  Id. (citing 6A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Procedure § 1522.1 at 231 (2d ed. 1990)).  Plaintiff fails to show good cause for filing his Motion four months outside the Scheduling Order deadline.  Therefore, his Third Motion to Amend his Complaint is denied.

## V.     PLAINTIFF'S MOTION TO QUASH

Plaintiff moves to quash several subpoenas duces tecum issued by Defendants, including subpoenas issued to AT&T, Mitch Field Family Health Center, Nassau University Medical Center, and New York Harbor Healthcare System.  The subpoenas were issued on February 10, 2011.  Plaintiff filed the Motion to Quash on May 26, 2011.  Defendants assert that Plaintiff's Motion was not timely filed.  Rule 45(c)(3)(A), Fed.R.Civ.P., requires that a motion to quash be "timely" filed and, although "timely" is not defined in the Rule, courts have held that such a motion should be filed before the subpoena's return date.  See, e.g., Estate of Ungar v. Palestinian Authority, 451 F.Supp.2d 607, 610 (S.D.N.Y. 2006); U.S. ex rel. Pogue v. Diabetes Treatment Centers of America, Inc., 238 F.Supp.2d 270, 278 (D.D.C. 2002).  Defendants have already received records pursuant to each of these subpoenas except for the subpoena served on Nassau University Medical Center.

Additionally, as stated above, a party does not have standing to challenge a subpoena issued to a non-party unless the party claims some privilege in the information sought by the subpoena. See U.S. v. Idema, 118 Fed.Appx. 740, **3 (4th Cir. 2005) (citing Hertenstein v. Kimberly Home Health Care, Inc., 189 F.R.D. 620, 635 (D.Kan.1999); 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2459 (1995)). Plaintiff does not challenge the subpoenas issued by Defendants based upon any privilege. Rather, he argues that the subpoenas are too broad in time and that they invade his privacy interests.

In light of the above, the undersigned concludes that Plaintiff's Motion to Quash is untimely and that Plaintiff lacks standing to challenge the subpoenas at issue, which were served upon third-parties. Therefore, Plaintiff's Motion to Quash is denied.

## VI.    PLAINTIFF'S MOTION TO AMEND/CORRECT NAMES

In this Motion, Plaintiff asks the court to recognize Defendants Pat Coker and Kip Coker by their full names, Patrick Coker and Kippton Wade Coker, respectively. Defendants do not object to this Motion. Plaintiff's Motion is granted. The Clerk of Court is directed to amend the caption to reflect that Pat Coker is a/k/a Patrick Coker and Kip Coker is a/k/a Kippton Wade Coker.

## VII.   DEFENDANTS' MOTIONS FOR EXTENSION OF TIME

In Defendants' first Motion for Extension of Time, they seek to extend the dispositive motions deadline until thirty days after a ruling denying Plaintiff's Motion to Amend his Complaint or for a new scheduling order, including an extension of the discovery deadline, if the Motion to Amend the Complaint is granted. Plaintiff opposes this Motion, but appears to only oppose an extension of the discovery deadline. Defendants ask for an extension of the discovery deadline only if the Motion to Amend the Complaint is granted. Because the Motion to Amend is denied as set

forth above, it is not necessary to extend the discovery deadline. Defendants' first Motion for Extension of Time is granted as set forth in more detail in the Amended Scheduling Order filed herewith.

In their second Motion for Extension of Time, Defendants seek to extend the mediation deadline to August 15, 2011. Plaintiff consents to this Motion. Thus, Defendants' second Motion for Extension of Time is granted.

In their third Motion for Extension of Time, Defendants seek to extend all remaining Scheduling Order deadlines. In light of the above rulings, Defendants' third Motion for Extension of Time is granted as set forth in more detail in the Amended Scheduling Order filed herewith.

### VIII. PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff seeks summary judgment in his favor on all claims asserted in his Amended Complaint. However, in light of the above rulings on Plaintiff's Motion to Compel and Motion for Subpoenas, Plaintiff's Motion for Summary Judgment is premature. Accordingly, Plaintiff's Motion is denied without prejudice and with leave to file in accordance with the dispositive motions deadline set forth in the Amended Scheduling Order filed herewith. After review of the additional items to be produced in accordance with the above rulings, Plaintiff may either file a new Motion for Summary Judgment or, if he wishes to refile the Motion without any changes, file a Motion asking the court to reinstate his previous Motion for Summary Judgment (Document # 112).

### IX. PLAINTIFF'S MOTION IN LIMINE

In his Motion in Limine, Plaintiff asks that all evidence he has placed in the record be admitted at trial due to Defendants' failure to object to the admissibility of such evidence. Defendants are not required to object to the admissibility of evidence at trial at this stage of the

litigation. The Scheduling Order requires that Motions in Limine be filed one week prior to the date set for trial. A date for trial has not yet been set. Thus, Plaintiff's Motion in Limine is premature in this regard.

Plaintiff also seeks to exclude any evidence Defendants seek to admit at trial for Defendants' failure to file pretrial disclosures by the August 10, 2011, deadline in the current Scheduling Order. On August 10, 2011, Defendants filed their third Motion for Extension of Time to stay or extend the remaining deadlines in the Scheduling Order pending a ruling on Plaintiff's Motion to Amend the Complaint. In light of the court's above ruling granting Defendants' third Motion for Extension of Time and the Amended Scheduling Order being filed herewith, Plaintiff's Motion in Limine is denied.

## X.     CONCLUSION

In light of the above discussion, **IT IS ORDERED** that

- Plaintiff's Motion to Compel (Document # 73) is **GRANTED** with respect to the in-car video and **DENIED** as to all other requests. Within fifteen days of the date of the Order, Defendants must produce either (1) full and complete copies of any videos capturing the traffic stop at issue or (2) an affidavit that no other video evidence relating to the traffic stop at issue exists other than what has already been produced;

- Plaintiff's Motion for Subpoena (Document # 90) is **MOOT**;

- Plaintiff's Motion for Subpoena (Document # 92) is **GRANTED** with respect to the request for a subpoena to Charles Kirchner of Canine Consultants, Inc. and **DENIED** as to all other requests. The Clerk of Court is directed to provide Plaintiff with a blank subpoena form along with this Order. Plaintiff must complete the subpoena

    in accordance with his Motion and submit it to the court for review within ten days of the date of this Order;

- Plaintiff's Third Motion to Amend his Complaint (Document # 91) is **DENIED**;

- Plaintiff's Motion to Quash (Document # 93) is **DENIED**;

- Plaintiff's Motion to Amend/Correct Names (Document # 96) is **GRANTED** and the Clerk of Court is directed to reflect the changes in the record as set forth above;

- Defendants' Motions for Extension of Time (Documents # 102, 110, 115) are **GRANTED** and an Amended Scheduling Order is entered herewith;

- Plaintiff's Motion for Summary Judgment (Document # 112) is **DENIED** without prejudice as premature and with leave to refile in accordance with the Amended Scheduling Order entered herewith. After review of the additional items to be produced in accordance with the above rulings, Plaintiff may either file a new Motion for Summary Judgment or, if he wishes to refile the Motion without any changes, file a Motion asking the court to reinstate his previous Motion for Summary Judgment; and

- Plaintiff's Motion in Limine (Document # 129) is **DENIED**.

                 s/Thomas E. Rogers, III
                 Thomas E. Rogers, III
                 United States Magistrate Judge

January 30, 2012
Florence, South Carolina